# EXHIBIT A

LAW OFFICES OF BUCHSBAUM & HAAG, LLP
BRENT S. BUCHSBAUM, CSBN: 194816
brent@buchsbaumhaag.com
LAUREL N. HAAG, CSBN: 211279
laurel@buchsbaumhaag.com
100 Oceangate, Suite 1200
Long Beach, California 90802
Telephone: (562) 733-2498
Fax: (562) 733-2498

Attorneys for Plaintiffs

Electronically FILED by
Superior Court of California,
County of Los Angeles
2/09/2024 3:44 PM
David W. Slayton,
Executive Officer/Clerk of Court,
By J. Covarrubias, Deputy Clerk

# SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF LOS ANGELES

| | |
|---|---|
| STACEY CAMPBELL, individually, and as a representative of other aggrieved employees,<br><br>Plaintiff,<br><br>vs.<br><br>KERING EYEWEAR USA, INC, a Corporation, and DOES 1 through 250, inclusive,<br><br>Defendants. | Case No.: 24STCV03552<br><br>**CLASS ACTION COMPLAINT**<br><br>(1) Violation of California Labor Code §§ 510, 1194, 1198 (Unpaid Overtime and Minimum Wages);<br>(2) Violation of California Labor Code §§ 226(a) and 1174 (Non-compliant Wage Statements);<br>(3) Violation of California Labor Code §§ 201-203 (Failure to Pay All Wages and on a Timely Basis);<br>(4) Violation of Labor Code §2802 (Unreimbursed Business Expenses)<br>(5) Violation of Labor Code §1194 (Minimum Wage Violations)<br>(6) Violation of California Business & Professions Code §§ 17200, et seq. |

Plaintiff Stacey Campbell ("Plaintiff") individually, and as a representative of other aggrieved employees, allege as follows:

## INTRODUCTION

1. This is an action brought by the Plaintiff, pursuant to California statutory, decisional, and regulatory laws. Plaintiff was an employee of Defendant Solar Turbines, Inc. ("Defendant") at all times herein mentioned.

2. Plaintiff alleges that California statutory, decisional and regulatory laws prohibit the conduct by Defendants herein alleged, and therefore Plaintiff has an entitlement to monetary relief on the basis that Defendants violated such statutes, decisional law and regulations.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over this action pursuant to the California Constitution, Article VI, § 10, which grants the Superior Court "original jurisdiction in all causes except those given by statute to other courts." The statutes under which this action is brought do not specify any other basis for jurisdiction.

4. This Court has jurisdiction over all Defendants because, upon information and belief, each party is either a citizen of California, has sufficient minimum contacts in California, or otherwise intentionally avails itself of the California market so as to render the exercise of jurisdiction over it by the California courts consistent with traditional notions of fair play and substantial justice.

5. Venue is proper in this Court because, upon information and belief, one or more of the named Defendants reside, transact business, or have offices in this county and the acts and omissions alleged herein took place in this county.

6. Venue is proper in this Court pursuant to § 395(a) of the California Code of Civil Procedure, because many of the acts and omissions giving rise to the causes of action stated herein occurred or arose in the County of Los Angeles, State of California.

CLASS ACTION COMPLAINT

Ex. A, Page 024

## THE PARTIES

7. Plaintiff was at all relevant times a citizen of the State of California. Plaintiff worked for Defendant as a sales representative, concentrating on selling eyewear to doctors and other locations where eyewear is sold.

8. Plaintiff reserves her right to seek leave to amend this complaint to add new plaintiffs, if necessary, in order to establish suitable representative(s) pursuant to *La Salsa v. American Savings and Loan Association*, 5 Cal. 3d 864, 872 (1971), and other applicable law.

9. Defendant was and is, upon information and belief, a corporation. At all times hereinafter mentioned, Defendant was an employer whose employees are engaged throughout this county, and the State of California.

10. Plaintiffs do not know the true names or capacities of the persons or entities sued herein as DOES 1 through 250, inclusive, and therefore, sues said Defendants by such fictitious names. Each of the DOE Defendants was in some manner legally responsible for the violations alleged herein. Plaintiffs will amend this complaint to set forth the true names and capacities of these Defendants when they have been ascertained, together with appropriate charging allegations, as may be necessary.

11. At all times mentioned herein, the Defendants named as DOES 1 through 250, inclusive, and each of them, were residents of, doing business in, availed themselves of the jurisdiction of, and/or injured Plaintiff and aggrieved employees in the State of California.

12. At all times mentioned herein, each Defendant was the agent, servant, joint employer, alter ego, parent, subsidiary or employee of the other Defendants and in acting and omitting to act as alleged herein did so within the course and scope of that agency or employment.

13. Defendant KERING EYEWEAR USA, INC. ("KERING") and DOES 1 through 250 are collectively referred to herein as "Defendants."

14. Plaintiffs are informed and believe that Defendants currently employ, and during the Class period have employed at least 50 employees in the State of California in non-exempt and/or hourly positions, some of whom are jointly employed with temporary agencies.

## FACTUAL ALLEGATIONS

15. Defendant is involved in the eyewear business, and hires salaried salespeople to market and sell its products to doctors and other stores where eyewear is sold. The sales representatives, such as plaintiff, are paid a salary and are expected to cover large geographical territories, for which they are assigned responsibility.

16. The sales representatives received a stipend for a vehicle, but that stipend appears on the paystub as wages and is thus subject to substantial taxes. As a result, it is not nearly sufficient to cover the actual costs related to the business-related driving expenses, which are carried out in their private vehicles. These expenses include, among other things, wear and tear, insurance, damage to vehicles, depreciation of vehicles, and the actual cost of the gas, which went up greatly without a corresponding increase in the stipend. The Defendant only reimburses employees at ½ of the IRS reimbursement rate for mileage, which results in repeated and dramatic underpayments to employees each month during the class period.

17. Additionally, employees, including plaintiff, were required to use their home office to carry out their jobs, including work that required access to Kering applications. This work and the Kering applications required internet connectivity, but employees were not given reimbursement for internet service, both in the field and at home.

18. Further, to the extent overnight travel was required, the stipend allowance that was permitted to the sales representatives was insufficient to cover the per diem cost of being away from home.

19. Prior to the beginning of the class period, the sales representatives were outside sales employees, and thus not entitled to overtime compensation under the outside sales exemption. However, during the pandemic and its aftermath, that changed markedly, and

CLASS ACTION COMPLAINT

most of the work was conducted from a home office, where zoom calls and telephone calls were the primary mode of sale. The outside sales exemption no longer applied due to the change in the nature of the position. Nevertheless, the employees were not paid for overtime compensation, and were not provided paystubs showing the actual number of hours worked.

20. Additionally the Defendant paid out bonus gift cards to sales employees with substantial amount of cash value, but failed to report these wages on the paystub and failed to pay employer payroll tax, resulting in tax evasion.

## CLASS ACTION ALLEGATIONS

21. Plaintiff brings this action individually, as well as on behalf of each and all other persons similarly situated in a concerted effort to improve wages and working conditions for other non-exempt and/or hourly employees, and thus seeks class certification under Code of Civil Procedure § 382.

22. All claims alleged herein arise under California law for which Plaintiff seeks relief authorized by California law.

23. The proposed Class consists of and is defined as:
All current and former California employees of Defendant, who worked as sales representatives and/or worked remotely during the 4 years preceding the filing of this Complaint. The proposed sub-classes consist of and are defined as:

OVERTIME SUB-CLASS: All members of the Class who were not paid accurate overtime compensation for all hours worked in excess of eight hours per day and/or forty hours per week.

WAITING TIME SUB-CLASS: All members of the Class who, at any time after the date three years prior to the filing of this Complaint, separated their employment from Defendants and were not paid wages within the times specified by California Labor Code §§ 201-203 and are owed restitution for waiting time penalties deriving from wages.

BUSINESS EXPENSE SUB-CLASS: All members of the Class who, at any time after the date three years prior to the filing of this Complaint, were not provided full reimbursement for their business expenses, in violation of Labor Code §2802

24. Plaintiff reserves the right to establish additional sub-classes as appropriate.

25. At all material times, Plaintiff was a member of the Class.

26. There is a well-defined community of interest in the litigation and the Class is readily ascertainable:

    (a) <u>Numerosity</u>: The members of the class (and each subclass) are so numerous that joinder of all members would be unfeasible and impractical. The membership of the entire class is unknown to Plaintiff at this time; however, the class is estimated to be greater than fifty (50) individuals and the identity of such membership is readily ascertainable by inspection of Defendants' employment records.

    (b) <u>Typicality</u>: Plaintiff is qualified to, and will, fairly and adequately protect the interests of each class member with whom there is a shared, well-defined community of interest. Plaintiff's claims (or defenses, if any) are typical of all Class members' as demonstrated herein.

    (c) <u>Adequacy</u>: Plaintiff is qualified to, and will, fairly and adequately protect the interests of each Class member with whom there is a shared, well-defined community of interest and typicality of claims, as demonstrated herein. Plaintiff acknowledges that Plaintiff has an obligation to make known to the Court any relationship, conflicts or differences with any Class member. Plaintiff's attorneys, the proposed Class counsel, are versed in the rules governing class action discovery, certification, and settlement.

    (d) <u>Superiority</u>: The nature of this action makes the use of class action adjudication superior to other methods. Class action will achieve economies of time, effort, and expense as compared with separate lawsuits, and will avoid inconsistent outcomes because the same issues can be adjudicated in the same manner and at the same time for the entire class.

(e) Public Policy Considerations: Employers in the State of California violate employment and labor laws every day. Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing actions because they believe their former employers might damage their future endeavors through negative references and/or other means. Class actions provide the Class members who are not named in the complaint with a type of anonymity that allows for the vindication of their rights at the same time as their privacy is protected.

27. There are common questions of law and fact as to the Class (and each subclass) that predominate over questions affecting only individual members, including but not limited to:

(a) Whether Defendants' failure to pay overtime wages, without abatement or reduction, in accordance with the California Labor Code, was willful;

(b) Whether Defendants' timekeeping system and policies failed to record all hours worked by Plaintiffs and Class members;

(c) Whether Defendants owe Plaintiffs and Class members overtime pay for work over eight hours per day and/or over forty hours per week;

(d) Whether Defendants' conduct was willful or reckless;

(e) Whether Defendants violated California Labor Code § 226 by failing to timely furnish Plaintiff and Class members with accurate wage statements or appropriate meal and rest periods;

(f) Whether Defendants failed to timely pay all wages due to Plaintiff and Class members upon their discharge or resignation;

(g) Whether Defendants engaged in unfair business practices in violation of California Business & Professions Code § 17200, et seq.; and

(h) The appropriate amount of damages, restitution, or monetary penalties resulting from Defendants' violations of California law.

BUCHSBAUM & HAAG, LLP
100 OCEANGATE, SUITE 1200, SUITE 1200
LONG BEACH, CALIFORNIA 90802

## FIRST CAUSE OF ACTION

### Violation of California Labor Code §§ 510—Unpaid Overtime

### (By the Plaintiff and Class against All Defendants)

28. Plaintiff incorporates all paragraphs above as though fully set forth herein.

29. California Labor Code § 510 provides that employees in California shall not be employed more than eight hours in any workday or forty hours in a workweek unless they receive additional compensation beyond their regular wages in amounts specified by law. California Labor Code § 510 further provides that any work in excess of twelve hours in one day and for all hours worked in excess of eight hours on the seventh consecutive day of work in a workweek shall be compensated at the rate of no less than twice the regular rate of pay for an employee.

30. California Labor Code §§ 1194 and 1198 provide that employees in California shall not be employed more than eight hours in any workday unless they receive additional compensation beyond their regular wages in amounts specified by law. Additionally, California Labor Code § 1198 states that the employment of an employee for longer hours than those fixed by the IWC is unlawful. The governing Wage Order of the IWC requires, among other things, payment of a premium wage rate for all hours worked in excess of eight hours per day or forty hours per week.

31. At all times relevant hereto, particularly after the pandemic, Defendants failed to pay Plaintiff and Class members accurate overtime compensation for the hours they have worked in excess of the maximum hours permissible by law as required by California Labor Code § 510 and 1198 as described in more detail above. The overtime rate was repeatedly miscalculated, as well as the double-time rate by failing to include non-discretionary bonuses in the "regular rate" calculation.

32. By virtue of Defendants' unlawful failure to pay additional, premium rate compensation to Plaintiff and Class members for their overtime hours worked, as well as encouraging and failing to compensate for "off the clock work," Plaintiff and Class members have suffered, and will continue to suffer, damages in amounts which are presently unknown

to them but which exceed the jurisdictional limits of this Court and which will be ascertained according to proof at trial.

33. Plaintiff and Class members request recovery of overtime compensation and minimum wage compensation according to proof, interest, attorney's fees and costs pursuant to California Labor Code § 1194(a), liquidated damages under Labor Code §1194.2, as well as the assessment of any statutory penalties against Defendants, in a sum as provided by the California Labor Code and/or other statutes. Further, Plaintiff and Class members are entitled to seek and recover reasonable attorneys' fees and costs pursuant to California Labor Code § 1194.

## SECOND CAUSE OF ACTION

### Violation of California Labor Code §§ 226(a)—

### Non-compliant Wage Statements

### (By the Plaintiff and Class and against all Defendants)

34. Plaintiff incorporates all paragraphs above as though fully set forth herein.

35. At all material times set forth herein, California Labor Code § 226(a) provides that every employer shall furnish each of his or her employees an accurate itemized wage statement in writing showing nine pieces of information, including: (1) gross wages earned, (2) total hours worked by the employee, (3) the number of piece-rate units earned and any applicable piece rate if the employee is paid on a piece-rate basis, (4) all deductions, provided that all deductions made on written orders of the employee may be aggregated and shown as one item, (5) net wages earned, (6) the inclusive dates of the period for which the employee is paid, (7) the name of the employee and the last four digits of his or her social security number or an employee identification number other than a social security number, (8) the name and address of the legal entity that is the employer, and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee.

36. Defendants have intentionally and willfully failed to provide employees with

complete and accurate wage statements. The deficiencies include, among other things, the failure to correctly identify the total hours worked and the gross wages earned by Plaintiff and Class members; the correct deductions; meal and rest break premiums; and the overtime hours worked by Plaintiff and Class members.

36. Additionally, as a result of Defendants conduct as alleged herein, Defendants failed to maintain accurate records on actual hours worked by Plaintiff and Class members. Therefore, Defendants have also violated California Labor Code § 1174.

37. As a result of Defendants' violation of California Labor Code §§ 226(a) and 1174, Plaintiff and Class members have suffered injury and damage to their statutorily-protected rights.

38. Specifically Plaintiff and Class members have been injured by Defendants' intentional violation of California Labor Code § 226(a) because they were denied both their legal right to receive, and their protected interest in receiving, accurate, itemized wage statements under California Labor Code § 226(a).

39. Plaintiff was also injured as a result of having to bring this action to attempt to obtain correct wage information following Defendants' refusal to comply with many of the mandates of California's Labor Code and related laws and regulations.

40. Plaintiff and Class members are entitled to recover from Defendants the greater of their actual damages caused by Defendants' failure to comply with California Labor Code § 226(a), or an aggregate penalty not exceeding four thousand dollars per employee.

41. Plaintiff and Class members are also entitled to injunctive relief to ensure compliance with this section, pursuant to California Labor Code § 226(g).

### THIRD CAUSE OF ACTION
**Violation of California Labor Code §§ 201-203—**
**Failure to Pay All Wages and on a Timely Basis**
**(By the Plaintiff and Class and against all Defendants)**

42. Plaintiff incorporates all paragraphs above as though fully set forth herein.

43. As alleged herein, Plaintiffs and Class members did not receive minimum, overtime and regular wages during their employment and at the time of termination, as applicable.

44. At all relevant times herein and as alleged herein, Defendants failed to pay to Plaintiff and Class members all wages by the times required by law in that the time periods set forth by California Labor Code § 204 regarding the time of wage payments were not adhered to and all regular wages were not paid.

45. At all times herein set forth, California Labor Code §§ 201 and 202 provide that if an employer discharges an employee, the wages earned and unpaid at the time of discharge are due and payable immediately, and that if an employee voluntarily leaves his or her employment, his or her wages shall become due and payable not later than 72 hours thereafter, unless the employee has given 72 hours previous notice of his or her intention to quit, in which case the employee is entitled to his or her wages at the time of quitting.

46. During the relevant time period, Defendants willfully failed to pay Plaintiffs and Class members who are no longer employed by Defendants their wages, earned and unpaid, either at the time of discharge, or within 72 hours of their leaving Defendants' employ.

47. Plaintiff's and Class members' final paychecks did not include all wages, including overtime wages, owed to Plaintiff and Class members.

48. Defendants' failure to pay Plaintiff and those Class members who are no longer employed by Defendants their wages earned and unpaid at the time of discharge is in violation of California Labor Code §§ 201 and 202.

49. California Labor Code § 203 provides that if an employer willfully fails to pay wages owed, in accordance with §§ 201 and 202, then the wages of the employee shall continue as a penalty from the due date, and at the same rate until paid or until an action is commenced; but the wages shall not continue for more than thirty days.

50. Plaintiffs and Class members are entitled to recover from Defendants their additionally accruing wages for each day they were not paid, at their regular hourly rate of

pay, up to thirty days maximum pursuant to California Labor Code § 203.

51. Plaintiffs and Class members seek to recover the unpaid balance of the full amount of the unpaid regular wages and interest thereon, reasonable attorneys' fees and costs of the suit to the fullest extent permissible including those permitted pursuant to the California Labor Code §§ 203, 218.5, 218.6 and Code of Civil Procedure § 1021.5.

## FOURTH CAUSE OF ACTION

### Violation of Labor Code §2802—Unremibursed Expenses

(By the Plaintiff and Class against all Defendants)

52. Plaintiff incorporates all paragraphs above as though fully set forth herein.

53. Under Labor Code §2802, an employer must indemnify its employees "for all necessary expenditures or losses incurred by the employee in direct consequence of the discharge of his or her duties.

54. The Defendant in this case required plaintiff and other Class Members to use personal cell phones for work-related purposes, but failed to provide any cell phone reimbursement, even though the phones were necessary for carrying out job duties. Further, plaintiff and other class members were not provided full reimbursement for driving and traveling expenses.

55. Plaintiff and Class Members were damaged by having to pay for necessary business expenses out of their own personal funds.

56. Plaintiff also seeks attorney's fees under Labor Code §2802 c because these fees were necessarily incurred in protecting the rights of plaintiff and class members to the underlying reimbursement claim.

## FIFTH CAUSE OF ACTION

### Violation of California Business & Professions Code § 17200, et seq.

(By the Plaintiff and Class and against all Defendants)

57. Plaintiffs incorporates all paragraphs above as though fully set forth herein.

58. Defendants, and each of them, are "persons" as defined under Business & Professions Code § 17021.

59. Defendants' conduct, as alleged herein, has been, and continues to be, unfair, unlawful, and harmful to Plaintiffs, Class members, and to the general public. Plaintiffs seek to enforce important rights affecting the public interest within the meaning of Code of Civil Procedure § 1021.5.

60. Defendants' activities, as alleged herein, are violations of California law, and constitute unlawful business acts and practices in violation of California Business & Professions Code § 17200, et seq.

61. A violation of California Business & Professions Code § 17200, et seq. may be predicated on the violation of any state or federal law. All of the acts described herein as violations of, among other things, the California Labor Code and IWC Wage Orders, are unlawful and in violation of public policy; and in addition are immoral, unethical, oppressive, fraudulent and unscrupulous, and thereby constitute unfair, unlawful and/or fraudulent business practices in violation of California Business and Professions Code § 17200, et seq.

### Failing to Pay Overtime

62. Defendants' failure to pay overtime compensation and other benefits in violation of California Labor Code §§ 510 and 1198 constitutes unlawful and/or unfair activity prohibited by Business and Professions Code § 17200, et seq.

### Failing to Timely Pay Wages Upon Termination

63. Defendants' failure to timely pay wages upon termination in accordance with California Labor Code §§ 201 and 202, as alleged above, constitutes unlawful and/or unfair activity prohibited by Business and Professions Code § 17200, et seq.

### Failing to Provide Accurate Itemized Wage Statements

64. Defendants' failure to provide accurate itemized wage statements in accordance with California Labor Code § 226, as alleged above, constitutes unlawful and/or unfair activity prohibited by Business and Professions Code § 17200, et seq.

**Failing to Accurately Record Hours Worked**

65. Defendants' failure to accurately record working hours, including the beginning and end of a meal period in accordance with California Labor Code § 558, 1174, and 1198, as alleged above, constitutes unlawful and/or unfair activity prohibited by Business and Professions Code § 17200, et seq.

66. By and through their unfair, unlawful and/or fraudulent business practices described herein, Defendants have obtained valuable property, money and services from Plaintiffs, and all persons similarly situated, and have deprived Plaintiff, and all persons similarly situated, of valuable rights and benefits guaranteed by law, all to their detriment.

67. Plaintiff and Class members suffered monetary injury as a direct result of Defendants' wrongful conduct.

68. Plaintiff, individually, and on behalf of Class members, are entitled to, and do, seek such relief as may be necessary to disgorge the profits which the Defendants have acquired, or of which Plaintiffs have been deprived, by means of the above-described unfair, unlawful and/or fraudulent business practices. Plaintiffs and Class members are not obligated to establish individual knowledge of the unfair practices of Defendants in order to recover restitution.

69. Plaintiff, individually, and on behalf of Class members, are further entitled to and do seek a declaration that the above described business practices are unfair, unlawful and/or fraudulent, and injunctive relief restraining the Defendants, and each of them, from engaging in any of the above-described unfair, unlawful and/or fraudulent business practices in the future.

70. Plaintiff, individually, and on behalf of Class members, have no plain, speedy, and/or adequate remedy at law to redress the injuries which they has suffered as a consequence of Defendants' unfair, unlawful and/or fraudulent business practices. As a result of the unfair, unlawful and/or fraudulent business practices described above, Plaintiff, individually, and on behalf of Class members, have suffered and will continue to suffer irreparable harm unless Defendants, and each of them, are restrained from continuing to

engage in said unfair, unlawful and/or fraudulent business practices.

71. Pursuant to California Business & Professions Code § 17200, et seq., Plaintiff and Class members are entitled to restitution of the wages withheld and retained by Defendants during a period that commences four years prior to the filing of this complaint; a permanent injunction requiring Defendants to pay all outstanding wages due to Plaintiff and Class members, disgorgement of profits obtained through payroll tax and worker's compensation fraud; an award of attorneys' fees pursuant to California Code of Civil Procedure § 1021.5 and other applicable laws; and an award of costs.

## PRAYER FOR RELIEF

Plaintiff, individually, and on behalf of all others similarly situated, pray for relief and judgment against Defendants, jointly and severally, as follows:

<u>Class Certification</u>

1. That this action be certified as a class action;
2. That Plaintiff be appointed as the representatives of the Class; and,
3. That counsel for Plaintiff be appointed as Class Counsel.
   (a) That the Court declare, adjudge and decree that Defendants violated California Labor Code §§ 510 and 1198, and applicable IWC Wage Orders by wilfully failing to pay all overtime wages and prevailing wages due to Plaintiff and Class members;
   (b) For general unpaid wages at overtime wage rates and such general and special damages as may be appropriate;
   (c) For pre-judgment interest on any unpaid overtime compensation commencing from the date such amounts were due;
   (d) For reasonable attorneys' fees and for costs of suit incurred herein pursuant to California Labor Code § 1194(a); and,
   (e) For such other and further relief as the Court may deem equitable and appropriate.

4. For statutory penalties and liquidated damages under Labor Code 1194.2;

    (a) For reasonable attorneys' fees and for costs of suit incurred herein; and for such other and further relief as the Court may deem equitable and appropriate.

    (b) That the Court declare, adjudge and decree that Defendants violated the record keeping provisions of California Labor Code § 226(a) and applicable IWC Wage Orders as to Plaintiff and Class members, and wilfully failed to provide accurate itemized wage statements thereto;

    (c) For all actual, consequential and incidental losses and damages, according to proof;

5. For statutory penalties pursuant to California Labor Code § 226(e);

    (a) For injunctive relief to ensure compliance with this section, pursuant to California Labor Code § 226(g); and,

    (b) For such other and further relief as the Court may deem equitable and appropriate.

    (c) That the Court declare, adjudge and decree that Defendants violated California Labor Code §§ 201, 202, and 203 by wilfully failing to pay all compensation owed at the time of termination of the employment of Plaintiff and other terminated Class members;

    (d) For all actual, consequential and incidental losses and damages, according to proof;

    (e) For statutory wage penalties pursuant to California Labor Code § 203 for all Class members who have left Defendants' employ;

    (f) For pre-judgment interest on any unpaid wages from the date such amounts were due; and,

    (g) For such other and further relief as the Court may deem equitable and appropriate.

(h) That the Court declare, adjudge and decree that Defendants violated the following California Labor Code §§ 510 and 1198 (by failing to provide Plaintiff and Class members all overtime compensation);

(i) dollars ($100) for each violation per pay period for the initial violation and two hundred dollars ($200) for each aggrieved

(j) That the Court declare, adjudge and decree that Defendants violated California Business and Professions Code §§ 17200, et seq. by failing to provide Plaintiffs and Class members all overtime compensation due to them; by failing to provide all meal and rest periods and failing to pay for all missed meal and rest periods; by failing to pay timely and earned wages upon termination; and by failing to provide accurate itemized wage statements;

(k) For restitution of unpaid wages to Plaintiffs and all Class members and prejudgment interest from the day such amounts were due and payable;

(l) For the appointment of a receiver to receive, manage and distribute any and all funds disgorged from Defendants and determined to have been wrongfully acquired by Defendants as a result of violations of California Business & Professions Code §§ 17200 et seq.;

(m) For reasonable attorneys' fees and costs of suit incurred herein pursuant to California Code of Civil Procedure § 1021.5;

(n) For injunctive relief to ensure compliance with this section, including amending company practices and policies, pursuant to California Business & Professions Code § 17200, et seq.; and,

(o) For such other and further relief as the Court may deem equitable

and appropriate.

Respectfully Submitted,

Dated: February 6, 2024
THE LAW OFFICES OF BUCHSBAUM & HAAG
Limited Liability Partnership

By _____
Brent S. Buchsbaum, Attorneys for Plaintiffs

## DEMAND FOR JURY TRIAL

Plaintiff hereby respectfully demands a jury trial.

Respectfully Submitted,

Dated: February 6, 2024
THE LAW OFFICES OF BUCHSBAUM & HAAG
Limited Liability Partnership

By _____
Brent S. Buchsbaum, Attorneys for Plaintiffs