# EXHIBIT C

FILED
Superior Court of California
County of Los Angeles

10/23/2024

David W. Slayton, Executive Officer / Clerk of Court

By: _____F. Sims_____ Deputy

LAW OFFICES OF BUCHSBAUM & HAAG, LLP
BRENT S. BUCHSBAUM, CSBN: 194816
*brent@buchsbaumhaag.com*
LAUREL N. HAAG, CSBN: 211279
*laurel@buchsbaumhaag.com*
100 Oceangate, Suite 1200
Long Beach, California 90802
Telephone: (562) 733-2498
Fax: (562) 733-2498

HARDIN LAW GROUP, APC
JAMES B. HARDIN (CSBN: 205071)
*jhardin@hardinemploymentlaw.com*
23 Corporate Plaza Drive, Suite 150
Newport Beach, CA 92660
Telephone: (949) 337-4810
Fax: (949) 209-4853

Attorneys for Plaintiff STACEY CAMPBELL

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF LOS ANGELES

| | |
|---|---|
| STACEY CAMPBELL, individually, and as a representative of other aggrieved employees,<br><br>Plaintiff,<br><br>vs.<br><br>KERING EYEWEAR USA, INC, a Corporation, and DOES 1 through 250, inclusive,<br><br>Defendants. | Case No.: 24STCV03552<br><br>Assigned for all purposes to Hon. Stuart M. Rice Dept. 1<br><br>**SECOND AMENDED CLASS ACTION COMPLAINT**<br><br>(1) Violation of California Labor Code §§ 510, 1194, 1198 (Unpaid Overtime and Minimum Wages);<br>(2) Violation of California Labor Code §§ 226(a) and 1174 (Non-compliant Wage Statements);<br>(3) Violation of California Labor Code §§ 201-203 (Failure to Pay All Wages and on a Timely Basis);<br>(4) Violation of Labor Code §2802 (Unreimbursed Business Expenses)<br>(5) Violation of California Business & Professions Code §§ 17200, et seq.<br>(6) Violation of Private Attorney General Act ("PAGA") Labor Code §2698 et seq. |

Electronically Received 10/23/2024 09:57 AM

BUCHSBAUM & HAAG, LLP
100 OCEANGATE, SUITE 1200
LONG BEACH, CALIFORNIA 90802

Plaintiff Stacey Campbell ("Plaintiff") individually, and as a representative of other aggrieved employees, allege as follows:

**INTRODUCTION**

1.     This is an action brought by the Plaintiff, pursuant to California statutory, decisional, and regulatory laws.  Plaintiff was an employee of Defendant Kering Eyewear, USA, Inc. ("Defendant") at all times herein mentioned.

2.     Plaintiff alleges that California statutory, decisional and regulatory laws prohibit the conduct by Defendants herein alleged, and therefore Plaintiff has an entitlement to monetary relief on the basis that Defendants violated such statutes, decisional law and regulations.

**JURISDICTION AND VENUE**

3.     This Court has jurisdiction over this action pursuant to the California Constitution, Article VI, § 10, which grants the Superior Court "original jurisdiction in all causes except those given by statute to other courts."  The statutes under which this action is brought do not specify any other basis for jurisdiction.

4.     This Court has jurisdiction over all Defendants because, upon information and belief, each party is either a citizen of California, has sufficient minimum contacts in California, or otherwise intentionally avails itself of the California market so as to render the exercise of jurisdiction over it by the California courts consistent with traditional notions of fair play and substantial justice.

5.     Venue is proper in this Court because, upon information and belief, one or more of the named Defendants reside, transact business, or have offices in this county and the acts and omissions alleged herein took place in this county.

6.     Venue is proper in this Court pursuant to § 395(a) of the California Code of Civil Procedure, because many of the acts and omissions giving rise to the causes of action stated herein occurred or arose in the County of Los Angeles, State of California.

BUCHSBAUM & HAAG, LLP
100 OCEANGATE, SUITE 1200, SUITE 1200
LONG BEACH, CALIFORNIA 90802

BUCHSBAUM & HAAG, LLP
100 OCEANGATE, SUITE 1200, SUITE 1200
LONG BEACH, CALIFORNIA 90802

### THE PARTIES

7.    Plaintiff was at all relevant times a citizen of the State of California.  Plaintiff worked for Defendant as a sales representative, concentrating on selling eyewear to doctors and other locations where eyewear is sold.

8.    Plaintiff reserves her right to seek leave to amend this complaint to add new plaintiffs, if necessary, in order to establish suitable representative(s) pursuant to *La Salsa v. American Savings and Loan Association*, 5 Cal. 3d 864, 872 (1971), and other applicable law.

9.    Defendant was and is, upon information and belief, a corporation.  At all times hereinafter mentioned, Defendant was an employer whose employees are engaged throughout this county, and the State of California.

10.    Plaintiffs do not know the true names or capacities of the persons or entities sued herein as DOES 1 through 250, inclusive, and therefore, sues said Defendants by such fictitious names.  Each of the DOE Defendants was in some manner legally responsible for the violations alleged herein.  Plaintiffs will amend this complaint to set forth the true names and capacities of these Defendants when they have been ascertained, together with appropriate charging allegations, as may be necessary.

11.    At all times mentioned herein, the Defendants named as DOES 1 through 250, inclusive, and each of them, were residents of, doing business in, availed themselves of the jurisdiction of, and/or injured Plaintiff and aggrieved employees in the State of California.

12.    At all times mentioned herein, each Defendant was the agent, servant, joint employer, alter ego, parent, subsidiary or employee of the other Defendants and in acting and omitting to act as alleged herein did so within the course and scope of that agency or employment.

13.    Defendant KERING EYEWEAR USA, INC. ("KERING") and DOES 1 through 250 are collectively referred to herein as "Defendants."

14.    Plaintiffs are informed and believe that Defendants currently employ, and during the Class period have employed at least 50 employees in the State of California in non-exempt and/or hourly positions.

## **FACTUAL ALLEGATIONS**

15.     Defendant is involved in the eyewear business, and hires salaried salespeople to market and sell its products to doctors and other stores where eyewear is sold.  The sales representatives, such as plaintiff, are paid a salary and are expected to cover large geographical territories, for which they are assigned responsibility.

16.     The sales representatives, including plaintiff, received a stipend for a vehicle, but that stipend appears on the paystub as wages and is thus subject to substantial taxes.  As a result, it is not nearly sufficient to cover the actual costs related to the business-related driving expenses, which are carried out in their private vehicles.  These expenses include, among other things, wear and tear, insurance, damage to vehicles, depreciation of vehicles, and the actual cost of the gas, which went up greatly without a corresponding increase in the stipend. The Defendant only reimburses employees at ½ of the IRS reimbursement rate for mileage, which results in repeated and dramatic underpayments to employees each month during the class period.   Initially, the reimbursement rate was even lower, but when numerous employees complained about subsidizing the company's travel expenses, Kering managers would say, "Go buy a Tesla!"

17.     Additionally, employees, including plaintiff, were required to use their home office to carry out their jobs, including work that required access to Kering applications.  This work and the Kering applications required internet connectivity, but employees were not given reimbursement for internet service, both in the field and at home.

18.     Further, to the extent overnight travel was required, the stipend allowance that was permitted to the sales representatives, including plaintiff, was insufficient to cover the per diem cost of being away from home.

19.     Each month, on average, Kering failed to reimburse for between $500 and

BUCHSBAUM & HAAG, LLP
100 OCEANGATE, SUITE 1200, SUITE 1200
LONG BEACH, CALIFORNIA 90802

$1000 in necessary business expenses to plaintiff and other class members.

20.    Prior to the beginning of the class period, the sales representatives were outside sales employees, and thus not entitled to overtime compensation under the outside sales exemption.  However, during the pandemic and its aftermath, that changed markedly, and most of the work was conducted from a home office, where zoom calls and telephone calls were the primary mode of sale.  The outside sales exemption no longer applied to plaintiff and other class members due to the change in the nature of the position.  Nevertheless, the employees were not paid for overtime compensation, and were not provided paystubs showing the actual number of hours worked.

21.    Plaintiff and class members worked overtime (more than 8 hours in a day or 40 in a workweek) during most workweeks, ranging from a few minutes to 10 hours or more.  On some occasions during the class period, class members, including plaintiff, worked double time (more than 12 hours in a day) but were not paid a double time rate. The overtime rate should have included both the non-exempt salary and the commissions to calculate a "regular rate of pay."

22.    Additionally the Defendant paid out bonus gift cards to plaintiff and other sales employees with substantial amount of cash value, but failed to report these wages on the paystub and failed to pay employer payroll tax, resulting in tax evasion.

## CLASS ACTION ALLEGATIONS

23.    Plaintiff brings this action individually, as well as on behalf of each and all other persons similarly situated in a concerted effort to improve wages and working conditions for other non-exempt and/or hourly employees, and thus seeks class certification under Code of Civil Procedure § 382.

24.    All claims alleged herein arise under California law for which Plaintiff seeks

BUCHSBAUM & HAAG, LLP
100 OCEANGATE, SUITE 1200, SUITE 1200
LONG BEACH, CALIFORNIA 90802

1    relief authorized by California law.

2    25.    The proposed Class consists of and is defined as:

3    All current and former California employees of Defendant, who
worked as sales representatives and/or worked remotely during

4    the 4 years preceding the filing of this Complaint. The proposed
sub-classes consist of and are defined as:

5    OVERTIME SUB-CLASS: All members of the Class who were
not paid accurate overtime compensation for all hours worked in

6    excess of eight hours per day and/or forty hours per week.

7    WAITING TIME SUB-CLASS: All members of the Class who,
at any time after the date three years prior to the filing of this

8    Complaint, separated their employment from Defendants and
were not paid wages within the times specified by California

9    Labor Code §§ 201-203 and are owed restitution for waiting time
penalties deriving from wages.

10

11    BUSINESS EXPENSE SUB-CLASS: All members of the Class
who, at any time after the date three years prior to the filing of

12    this Complaint, were not provided full reimbursement for their
business expenses, in violation of Labor Code §2802

13    26.    Plaintiff reserves the right to establish additional sub-classes as appropriate.

14

15    27.    At all material times, Plaintiff was a member of the Class.

16    28.    There is a well-defined community of interest in the litigation and the Class is
readily ascertainable:

17

18    (a)    Numerosity: The members of the class (and each subclass) are

19    so numerous that joinder of all members would be unfeasible and

20    impractical. The membership of the entire class is unknown to

21    Plaintiff at this time; however, the class is estimated to be greater than

22    fifty (50) individuals and the identity of such membership is

23    readily ascertainable by inspection of Defendants' employment records.

24    (b)    Typicality: Plaintiff is qualified to, and will, fairly and adequately

25    protect the interests of each class member with whom there is a shared,

26    well-defined community of interest. Plaintiff's claims (or defenses, if

27    any) are typical of all Class members' as demonstrated herein.

28    (c)    Adequacy: Plaintiff is qualified to, and will, fairly and adequately

BUCHSBAUM & HAAG, LLP
100 OCEANGATE, SUITE 1200, SUITE 1200
LONG BEACH, CALIFORNIA 90802

protect the interests of each Class member with whom there is a shared, well-defined community of interest and typicality of claims, as demonstrated herein.  Plaintiff acknowledges that Plaintiff has an obligation to make known to the Court any relationship, conflicts or differences with any Class member.  Plaintiff's attorneys, the proposed Class counsel, are versed in the rules governing class action discovery, certification, and settlement.

(d) Superiority:  The nature of this action makes the use of class action adjudication superior to other methods.  Class action will achieve economies of time, effort, and expense as compared with separate lawsuits, and will avoid inconsistent outcomes because the same issues can be adjudicated in the same manner and at the same time for the entire class.

(e) Public Policy Considerations:  Employers in the State of California violate employment and labor laws every day.  Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation.  Former employees are fearful of bringing actions because they believe their former employers might damage their future endeavors through negative references and/or other means.  Class actions provide the Class members who are not named in the complaint with a type of anonymity that allows for the vindication of their rights at the same time as their privacy is protected.

29. There are common questions of law and fact as to the Class (and each subclass) that predominate over questions affecting only individual members, including but not limited to:

(a) Whether Defendants' failure to pay overtime wages, without abatement or reduction, in accordance with the California Labor Code, was willful;

(b) Whether Defendants' timekeeping system and policies failed to record

BUCHSBAUM & HAAG, LLP
100 OCEANGATE, SUITE 1200, SUITE 1200
LONG BEACH, CALIFORNIA 90802

BUCHSBAUM & HAAG, LLP
100 OCEANGATE, SUITE 1200, SUITE 1200
LONG BEACH, CALIFORNIA 90802

1    all hours worked by Plaintiffs and Class members;

2    (c)    Whether Defendants owe Plaintiffs and Class members overtime pay for

3    work over eight hours per day and/or over forty hours per week;

4    (d)    Whether Defendants' conduct was willful or reckless;

5    (e)    Whether Defendants violated California Labor Code § 226 by failing to

6    timely furnish Plaintiff and Class members with accurate wage

7    statements or appropriate meal and rest periods;

8    (f)    Whether Defendants failed to timely pay all wages due to Plaintiff and

9    Class members upon their discharge or resignation;

10    (g)    Whether Defendants engaged in unfair business practices in violation of

11    California Business & Professions Code § 17200, et seq.; and

12    (h)    The appropriate amount of damages, restitution, or monetary penalties

13    resulting from Defendants' violations of California law.

## FIRST CAUSE OF ACTION

### Violation of California Labor Code §§ 510—Unpaid Overtime

### (By the Plaintiff and Class against All Defendants)

17    30.    Plaintiff incorporates all paragraphs above as though fully set forth herein.

18    31.    California Labor Code § 510 provides that employees in California shall not be

19    employed more than eight hours in any workday or forty hours in a workweek unless they

20    receive additional compensation beyond their regular wages in amounts specified by law.

21    California Labor Code § 510 further provides that any work in excess of twelve hours in one

22    day and for all hours worked in excess of eight hours on the seventh consecutive day of work

23    in a workweek shall be compensated at the rate of no less than twice the regular rate of pay

24    for an employee.

25    32.    California Labor Code §§ 1194 and 1198 provide that employees in California

26    shall not be employed more than eight hours in any workday unless they receive additional

27    compensation beyond their regular wages in amounts specified by law.  Additionally,

28    California Labor Code § 1198 states that the employment of an employee for longer hours

than those fixed by the IWC is unlawful. The governing Wage Order of the IWC requires, among other things, payment of a premium wage rate for all hours worked in excess of eight hours per day or forty hours per week.

33.    At all times relevant hereto, particularly after the pandemic, Defendants failed to pay Plaintiff and Class members accurate overtime compensation for the hours they have worked in excess of the maximum hours permissible by law as required by California Labor Code § 510 and 1198 as described in more detail above.

34.    By virtue of Defendants' unlawful failure to pay additional, premium rate compensation to Plaintiff and Class members for their overtime hours worked, as well as encouraging and failing to compensate for "off the clock work," Plaintiff and Class members have suffered, and will continue to suffer, damages in amounts which are presently unknown to them but which exceed the jurisdictional limits of this Court and which will be ascertained according to proof at trial.

35.    Plaintiff and Class members request recovery of overtime compensation and minimum wage compensation according to proof, interest, attorney's fees and costs pursuant to California Labor Code § 1194(a), liquidated damages under Labor Code §1194.2, as well as the assessment of any statutory penalties against Defendants, in a sum as provided by the California Labor Code and/or other statutes. Further, Plaintiff and Class members are entitled to seek and recover reasonable attorneys' fees and costs pursuant to California Labor Code § 1194.

**SECOND CAUSE OF ACTION**

**Violation of California Labor Code §§ 226(a)—**

**Non-compliant Wage Statements**

**(By the Plaintiff and Class and against all Defendants)**

36.    Plaintiff incorporates all paragraphs above as though fully set forth herein.

37.    At all material times set forth herein, California Labor Code § 226(a) provides that every employer shall furnish each of his or her employees an accurate itemized wage

BUCHSBAUM & HAAG, LLP
100 OCEANGATE, SUITE 1200, SUITE 1200
LONG BEACH, CALIFORNIA 90802

statement in writing showing nine pieces of information, including: (1) gross wages earned, (2) total hours worked by the employee, (3) the number of piece-rate units earned and any applicable piece rate if the employee is paid on a piece-rate basis, (4) all deductions, provided that all deductions made on written orders of the employee may be aggregated and shown as one item, (5) net wages earned, (6) the inclusive dates of the period for which the employee is paid, (7) the name of the employee and the last four digits of his or her social security number or an employee identification number other than a social security number, (8) the name and address of the legal entity that is the employer, and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee.

36.     Defendants have intentionally and willfully failed to provide employees with complete and accurate wage statements.  The deficiencies include, among other things, the failure to correctly identify the total hours worked and the gross wages earned by Plaintiff and Class members; the correct deductions; meal and rest break premiums; and the overtime hours worked by Plaintiff and Class members.

38.     Additionally, as a result of Defendants conduct as alleged herein, Defendants failed to maintain accurate records on actual hours worked by Plaintiff and Class members. Therefore, Defendants have also violated California Labor Code § 1174.

39.     As a result of Defendants' violation of California Labor Code §§ 226(a) and 1174, Plaintiff and Class members have suffered injury and damage to their statutorily-protected rights.

40.     Specifically Plaintiff and Class members have been injured by Defendants' intentional violation of California Labor Code § 226(a) because they were denied both their legal right to receive, and their protected interest in receiving, accurate, itemized wage statements under California Labor Code § 226(a).

41.     Plaintiff was also injured as a result of having to bring this action to attempt to obtain correct wage information following Defendants' refusal to comply with many of the mandates of California's Labor Code and related laws and regulations.

SECOND AMENDED CLASS ACTION COMPLAINT

BUCHSBAUM & HAAG, LLP
100 OCEANGATE, SUITE 1200, SUITE 1200
LONG BEACH, CALIFORNIA 90802

42.     Plaintiff and Class members are entitled to recover from Defendants the greater of their actual damages caused by Defendants' failure to comply with California Labor Code § 226(a), or an aggregate penalty not exceeding four thousand dollars per employee.

## THIRD CAUSE OF ACTION

### Violation of California Labor Code §§ 201-203—

### Failure to Pay All Wages and on a Timely Basis

### (By the Plaintiff and Class and against all Defendants)

43.     Plaintiff incorporates all paragraphs above as though fully set forth herein.

44.     As alleged herein, Plaintiffs and Class members did not receive minimum, overtime and regular wages during their employment and at the time of termination, as applicable.

45.     At all relevant times herein and as alleged herein, Defendants failed to pay to Plaintiff and Class members all wages by the times required by law in that the time periods set forth by California Labor Code § 204 regarding the time of wage payments were not adhered to and all regular wages were not paid.

46.     At all times herein set forth, California Labor Code §§ 201 and 202 provide that if an employer discharges an employee, the wages earned and unpaid at the time of discharge are due and payable immediately, and that if an employee voluntarily leaves his or her employment, his or her wages shall become due and payable not later than 72 hours thereafter, unless the employee has given 72 hours previous notice of his or her intention to quit, in which case the employee is entitled to his or her wages at the time of quitting.

47.     During the relevant time period, Defendants willfully failed to pay Plaintiffs and Class members who are no longer employed by Defendants their wages, earned and unpaid, either at the time of discharge, or within 72 hours of their leaving Defendants' employ.

48.     Plaintiff's and Class members' final paychecks did not include all wages, including overtime wages, owed to Plaintiff and Class members.

BUCHSBAUM & HAAG, LLP
100 OCEANGATE, SUITE 1200, SUITE 1200
LONG BEACH, CALIFORNIA 90802

49.    Defendants' failure to pay Plaintiff and those Class members who are no longer employed by Defendants their wages earned and unpaid at the time of discharge is in violation of California Labor Code §§ 201 and 202.

50.    California Labor Code § 203 provides that if an employer willfully fails to pay wages owed, in accordance with §§ 201 and 202, then the wages of the employee shall continue as a penalty from the due date, and at the same rate until paid or until an action is commenced; but the wages shall not continue for more than thirty days.

51.    Plaintiffs and Class members are entitled to recover from Defendants their additionally accruing wages for each day they were not paid, at their regular hourly rate of pay, up to thirty days maximum pursuant to California Labor Code § 203.

52.    Plaintiffs and Class members seek to recover the unpaid balance of the full amount of the unpaid regular wages and interest thereon, reasonable attorneys' fees and costs of the suit to the fullest extent permissible including those permitted pursuant to the California Labor Code §§ 203, 218.5, 218.6 and Code of Civil Procedure § 1021.5.

### FOURTH CAUSE OF ACTION

**Violation of Labor Code §2802—Unreimbursed Expenses**

**(By the Plaintiff and Class against all Defendants)**

53.    Plaintiff incorporates all paragraphs above as though fully set forth herein.

54.    Under Labor Code §2802, an employer must indemnify its employees "for all necessary expenditures or losses incurred by the employee in direct consequence of the discharge of his or her duties.

55.    The Defendant in this case required plaintiff and other Class Members to use personal cell phones for work-related purposes, but failed to provide any cell phone reimbursement, even though the phones were necessary for carrying out job duties.  Further, plaintiff and other class members were not provided full reimbursement for driving and traveling expenses.

BUCHSBAUM & HAAG, LLP
100 OCEANGATE, SUITE 1200, SUITE 1200
LONG BEACH, CALIFORNIA 90802

56.     Plaintiff and Class Members were damaged by having to pay for necessary business expenses out of their own personal funds.

57.     Plaintiff also seeks attorney's fees under Labor Code §2802 c because these fees were necessarily incurred in protecting the rights of plaintiff and class members to the underlying reimbursement claim.

## FIFTH CAUSE OF ACTION

### Violation of California Business & Professions Code § 17200, et seq.

### (By the Plaintiff and Class and against all Defendants)

58.     Plaintiffs incorporates all paragraphs above as though fully set forth herein.

59.     Defendants, and each of them, are "persons" as defined under Business & Professions Code § 17021.

60.     Defendants' conduct, as alleged herein, has been, and continues to be, unfair, unlawful, and harmful to Plaintiffs, Class members, and to the general public.  Plaintiffs seek to enforce important rights affecting the public interest within the meaning of Code of Civil Procedure § 1021.5.

61.     Defendants' activities, as alleged herein, are violations of California law, and constitute unlawful business acts and practices in violation of California Business & Professions Code § 17200, et seq.

62.     A violation of California Business & Professions Code § 17200, et seq. may be predicated on the violation of any state or federal law.  All of the acts described herein as violations of, among other things, the California Labor Code and IWC Wage Orders, are unlawful and in violation of public policy; and in addition are immoral, unethical, oppressive, fraudulent and unscrupulous, and thereby constitute unfair, unlawful and/or fraudulent business practices in violation of California Business and Professions Code § 17200, et seq.

### Failing to Pay Overtime

63.     Defendants' failure to pay overtime compensation and other benefits in violation of California Labor Code §§ 510 and 1198 constitutes unlawful and/or unfair activity

BUCHSBAUM & HAAG, LLP
100 OCEANGATE, SUITE 1200, SUITE 1200
LONG BEACH, CALIFORNIA 90802

1    prohibited by Business and Professions Code § 17200, et seq.

2                    **Failing to Timely Pay Wages Upon Termination**

3        64.    Defendants' failure to timely pay wages upon termination in accordance with

4    California Labor Code §§ 201 and 202, as alleged above, constitutes unlawful and/or unfair

5    activity prohibited by Business and Professions Code § 17200, et seq.

6        65.    By and through their unfair, unlawful and/or fraudulent business practices

7    described herein, Defendants have obtained valuable property, money and services from

8    Plaintiffs, and all persons similarly situated, and have deprived Plaintiff, and all persons

9    similarly situated, of valuable rights and benefits guaranteed by law, all to their detriment.

10       66.    Plaintiff and Class members suffered monetary injury as a direct result of

11   Defendants' wrongful conduct.

12       67.    Plaintiff, individually, and on behalf of Class members, are entitled to, and do,

13   seek such relief as may be necessary to disgorge the profits which the Defendants have

14   acquired, or of which Plaintiffs have been deprived, by means of the above-described unfair,

15   unlawful and/or fraudulent business practices.  Plaintiffs and Class members are not obligated

16   to establish individual knowledge of the unfair practices of Defendants in order to recover

17   restitution.

18       68.    Plaintiff, individually, and on behalf of Class members, are further entitled to

19   and do seek a declaration that the above described business practices are unfair, unlawful

20   and/or fraudulent, and injunctive relief restraining the Defendants, and each of them, from

21   engaging in any of the above-described unfair, unlawful and/or fraudulent business practices

22   in the future.

23       69.    Plaintiff, individually, and on behalf of Class members, have no plain, speedy,

24   and/or adequate remedy at law to redress the injuries which they has suffered as a

25   consequence of Defendants' unfair, unlawful and/or fraudulent business practices.  As a result

26   of the unfair, unlawful and/or fraudulent business practices described above, Plaintiff,

27   individually, and on behalf of Class members, have suffered and will continue to suffer

28   irreparable harm unless Defendants, and each of them, are restrained from continuing to

SECOND AMENDED CLASS ACTION COMPLAINT

BUCHSBAUM & HAAG, LLP
100 OCEANGATE, SUITE 1200, SUITE 1200
LONG BEACH, CALIFORNIA 90802

1   engage in said unfair, unlawful and/or fraudulent business practices.

2        70.    Pursuant to California Business & Professions Code § 17200, et seq., Plaintiff

3   and Class members are entitled to restitution of the wages withheld and retained by

4   Defendants during a period that commences four years prior to the filing of this complaint; a

5   permanent injunction requiring Defendants to pay all outstanding wages due to Plaintiff and

6   Class members, disgorgement of profits obtained through payroll tax and worker's

7   compensation fraud; an award of attorneys' fees pursuant to California Code of Civil

8   Procedure § 1021.5 and other applicable laws; and an award of costs.

9   **SIXTH CAUSE OF ACTION**

10  **Violation of California Labor Code §§ 2698, et seq. ("PAGA")**

11  **(By the Plaintiffs and Aggrieved Employees and against all Defendants)**

12       71.    Plaintiffs incorporate all paragraphs above as though fully set forth herein.

13       72.    California Labor Code §§ 2698, et seq. ("PAGA") permits Plaintiffs to recover

14  civil penalties for the violation(s) of the California Labor Code section enumerated in

15  California Labor Code § 2699.5.

16       73.    At all times herein set forth, PAGA was applicable to Plaintiff's employment

17  by defendants.

18       74.    At all times herein set forth, PAGA provides that any provision of law under

19  the California Labor Code that provides for a civil penalty to be assessed and collected by the

20  LWDA for violations of the California Labor Code may, as an alternative, be recovered

21  through a civil action brought by an aggrieved employee on behalf of himself and other

22  current or former employees pursuant to procedures outlined in California Labor Code §

23  2699.3.

24       75.    Pursuant to PAGA, a civil action under PAGA may be brought by an

25  "aggrieved employee," who is any person that was employed by the alleged violator and

26  against whom one or more of the alleged violations was committed.

27  Plaintiff was employed by Defendant and the alleged violations were committed against her

28  during her time of employment and she is, therefore, an aggrieved employee.  Plaintiff and

other employees are aggrieved employees as defined by California Labor Code § 2699(c) in that they are all current or former employees of Defendants who are or were employed by Defendants, and one or more of the alleged violations were committed against them, as described in more detail above.

76.     Pursuant to California Labor Code §§ 2699.3 and 2699.5, an aggrieved employee, including Plaintiff, may pursue a civil action arising under PAGA after the following requirements have been met:

> The aggrieved employee shall give written notice by filing online ("Employee's Notice") to the LWDA and providing written notice by certified mail to the employer of the specific provisions of the California Labor Code alleged to have been violated, including the facts and theories to support the alleged violations.

> (a)     The LWDA shall provide notice ("LWDA Notice") to the employer and the aggrieved employee by certified mail that it does not intend to investigate the alleged violation within sixty calendar days of the postmark date of the Employee's Notice.  Upon receipt of the LWDA Notice, or if the LWDA Notice is not provided within sixty-five calendar days of the postmark date of the Employee's Notice, the aggrieved employee may commence a civil action pursuant to California Labor Code § 2699 to recover civil penalties in addition to any other penalties to which the employee may be entitled. On April 29, 2024, Plaintiff submitted to the LWDA online as well as provided written notice by certified mail to Defendants of the specific provisions of the California Labor Code alleged to have been violated, including the facts and theories to support the alleged violations.  The LWDA has not responded.

77.     Plaintiff satisfied the administrative prerequisites under California Labor Code § 2699.3(a) to recover civil penalties against Defendants, in addition to other remedies, for

BUCHSBAUM & HAAG, LLP
100 OCEANGATE, SUITE 1200, SUITE 1200
LONG BEACH, CALIFORNIA 90802

violations of California Labor Code §§ 201, 202, 203, 204, 206, 223, 210, 218.6, 223, 226, 226(a), 226.3, 226.7, 558, 1174, 1174.5, 1194, 1194.2, 1197, 1197.1, and 1198, 2802, as well as Section VII of the Wage Order regarding recordkeeping obligations for hours worked.

78.    Defendants' conduct, as alleged herein, violates numerous sections of the California Labor Code including but not limited to the following:

(a)    Violation of California Labor Code §§ 510 and 1198 for Defendants' failure to compensate Plaintiff and other aggrieved employees with all required overtime pay as herein alleged.  In addition, a violation of 29 USC Section 207 et seq., which provides for overtime wages under Federal Law.  These underpaid wages were late, in violation of Labor Code Section 204, late at termination in violation of Labor Code 201 and 202, and are subject to civil penalties due to the underlying underpayment under Labor Code Section 558.

(b)    Violation of California Labor Code § 201, 202 and 203 for failure to timely pay all wages owed upon termination as herein alleged.

(c)    Violation of California Labor Code § 226(a) and 226.3 for failing to provide wage statements which accurately show the total number of hours worked and gross wages earned, and the correct hourly rates in effect, as well as failing to include some wages on the paystub at all.

82.    Pursuant to California Labor Code §§ 2699(a), 2699.3 and 2699.5, Plaintiff and all other aggrieved employees are entitled to recover civil penalties against Defendants, in addition to other remedies, for violations of California Labor Code §§ 201, 202, 203, 204, 206, 223, 226(a), 226.3, 226.7, 510, 558, 1174, 1182.12, 1194, 1197, 1198, 1771, 1775, 1776, 2802.

82.    Further Plaintiff is entitled to seek and recover reasonable attorneys' fees and costs pursuant to California Labor Code § 2699 and any other applicable statute.

BUCHSBAUM & HAAG, LLP
100 OCEANGATE, SUITE 1200, SUITE 1200
LONG BEACH, CALIFORNIA 90802

**PRAYER FOR RELIEF**

Plaintiff, individually, and on behalf of all others similarly situated, pray for relief and judgment against Defendants, jointly and severally, as follows:

<u>Class Certification</u>

1.    That this action be certified as a class action;

2.    That Plaintiff be appointed as the representatives of the Class; and,

3.    That counsel for Plaintiff be appointed as Class Counsel.

(a) That the Court declare, adjudge and decree that Defendants violated California Labor Code §§ 510 and 1198, and applicable IWC Wage Orders by wilfully failing to pay all overtime wages and prevailing wages due to Plaintiff and Class members;

(b) For general unpaid wages at overtime wage rates and such general and special damages as may be appropriate;

(c) For pre-judgment interest on any unpaid overtime compensation commencing from the date such amounts were due;

(d) For reasonable attorneys' fees and for costs of suit incurred herein pursuant to California Labor Code § 1194(a); and,

(e) For such other and further relief as the Court may deem equitable and appropriate.

4.    For statutory penalties and liquidated damages under Labor Code 1194.2;

(a) For reasonable attorneys' fees and for costs of suit incurred herein; and for such other and further relief as the Court may deem equitable and appropriate.

(b) That the Court declare, adjudge and decree that Defendants violated the record keeping provisions of California Labor Code § 226(a) and applicable IWC Wage Orders as to Plaintiff and Class members, and wilfully failed to provide accurate itemized wage

BUCHSBAUM & HAAG, LLP
100 OCEANGATE, SUITE 1200, SUITE 1200
LONG BEACH, CALIFORNIA 90802

BUCHSBAUM & HAAG, LLP
100 OCEANGATE, SUITE 1200, SUITE 1200
LONG BEACH, CALIFORNIA 90802

1    statements thereto;

2    (c) For all actual, consequential and incidental losses and damages,

3    according to proof;

4    5.    For statutory penalties pursuant to California Labor Code § 226(e);

5    (a) For injunctive relief to ensure compliance with this section,

6    pursuant to California Labor Code § 226(g); and,

7    (b) For such other and further relief as the Court may deem equitable

8    and appropriate.

9    (c) That the Court declare, adjudge and decree that Defendants

10    violated California Labor Code §§ 201, 202, and 203 by wilfully

11    failing to pay all compensation owed at the time of termination of

12    the employment of Plaintiff and other terminated Class members;

13    (d) For all actual, consequential and incidental losses and damages,

14    according to proof;

15    (e) For statutory wage penalties pursuant to California Labor Code §

16    203 for all Class members who have left Defendants' employ;

17    (f) For pre-judgment interest on any unpaid wages from the date

18    such amounts were due; and,

19    (g) For such other and further relief as the Court may deem equitable

20    and appropriate.

21    (h) That the Court declare, adjudge and decree that Defendants

22    violated the following California Labor Code §§ 510 and 1198

23    (by failing to provide Plaintiff and Class members all overtime

24    compensation);

25    (i) dollars ($100) for each violation per pay period for the initial

26    violation and two hundred dollars ($200) for each aggrieved

27    (j) That the Court declare, adjudge and decree that Defendants

28    violated California Business and Professions Code §§ 17200, et

SECOND AMENDED CLASS ACTION COMPLAINT

Ex. C, Page 084

seq. by failing to provide Plaintiffs and Class members all overtime compensation due to them; by failing to provide all meal and rest periods and failing to pay for all missed meal and rest periods; by failing to pay timely and earned wages upon termination; and by failing to provide accurate itemized wage statements;

(k) For restitution of unpaid wages to Plaintiffs and all Class members and prejudgment interest from the day such amounts were due and payable;

(l) For the appointment of a receiver to receive, manage and distribute any and all funds disgorged from Defendants and determined to have been wrongfully acquired by Defendants as a result of violations of California Business & Professions Code §§ 17200 et seq.;

(m) For reasonable attorneys' fees and costs of suit incurred herein pursuant to California Code of Civil Procedure § 1021.5;

(n) For injunctive relief to ensure compliance with this section, including amending company practices and policies, pursuant to California Business & Professions Code § 17200, et seq.; and,

(o) For such other and further relief as the Court may deem equitable and appropriate.

(p) For Civil Penalties pursuant to PAGA.

Respectfully Submitted,

SECOND AMENDED CLASS ACTION COMPLAINT

BUCHSBAUM & HAAG, LLP
100 OCEANGATE, SUITE 1200, SUITE 1200
LONG BEACH, CALIFORNIA 90802

Dated: October 9, 2024

THE LAW OFFICES OF BUCHSBAUM & HAAG
Limited Liability Partnership

By _____

Brent S. Buchsbaum, Attorneys for Plaintiffs

## DEMAND FOR JURY TRIAL

Plaintiff hereby respectfully demands a jury trial.

Respectfully Submitted,

Dated: October 9, 2024

THE LAW OFFICES OF BUCHSBAUM & HAAG
Limited Liability Partnership

By _____

Brent S. Buchsbaum, Attorneys for Plaintiffs

BUCHSBAUM & HAAG, LLP
100 OCEANGATE, SUITE 1200, SUITE 1200
LONG BEACH, CALIFORNIA 90802

SECOND AMENDED CLASS ACTION COMPLAINT

Ex. C, Page 086

1

## PROOF OF SERVICE

2

3

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is 100 Oceangate, Suite 1200, Long Beach, California 90802.

4

5

On October 23, 2024, I served the foregoing document described as:

6

### SECOND AMENDED CLASS ACTION COMPLAINT

7

The true copies thereof were enclosed in a sealed envelope and addressed as follows:

8

**Defense Counsel for Kering Eyewear USA, Inc.**
ASHLEY FARRELL PICKETT

9

OSCAR E. PERALTA

10

**GREENBERG TRAURIG, LLP**
1840 Century Park East, Suite 1900

11

Los Angeles, California 90067

12

Tel    :       (310)586-7700

13

Email :      Ashley.farrellpickett@gtlaw.com
              Oscar.peralta@gtlaw.com

14

15

**Co-Counsel for Plaintiffs, Stacey Campbell, et al.,**
JAMES B. HARDIN

16

**HARDIN LAW GROUP, APC**
23 Corporate Plaza Drive, Suite 150

17

Newport Beach, California 92660

18

Tel    :       (949)337-4810

19

Email :      jhardin@hardinemploymentlaw.com

20

___ **BY U.S. MAIL**: By placing a true copy thereof enclosed in a sealed envelope(s) addressed as above, and placing each for collection and mailing on that date following ordinary business practices. I am "readily familiar" with this business' practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in ordinary course of business with the U.S. Postal Service in Long Beach, California, in a sealed envelope with postage fully prepaid.

21

22

23

24

___ **BY OVERNIGHT DELIVERY:** I enclosed the document(s) in an envelope or package provided by an overnight delivery carrier and addressed as above. I placed the envelope or package for collection and overnight delivery at an office or a regularly utilized drop box of the overnight delivery carrier.

25

26

27

___ **BY PERSONAL SERVICE**: I caused such envelope(s) to be delivered by hand to the office(s) of the addressee(s). (C.C.P. Section 1011)

28

BUCHSBAUM & HAAG, LLP
100 OCEANGATE, SUITE 1200
LONG BEACH, CALIFORNIA 90802

____ **BY FACSIMILE:** Based on an agreement of the parties to accept service by fax transmission, I faxed the document(s) to the person(s) at the fax number(s) listed above. The sending facsimile machine issued a transmission report confirming that the transmission was complete and without error.

**XX  BY E-MAIL OR ELECTRONIC TRANSMISSION**: Based on a court order or an agreement of the parties to accept service by e-mail or electronic transmission, I caused the document(s) to be sent from ***kim@buchsbaumhaag.com*** to the person(s) at the e-mail address(es) listed above.

**XX  STATE** I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed, October 23, 2024, at Long Beach, California.



KIMBERLY KELLY, Declarant