UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| STACEY CAMPBELL, individually, and as a representative of other aggrieved employees,<br><br>Plaintiff,<br><br>v.<br><br>KERING EYEWEAR USA, INC., a Corporation, and DOES 1 through 250, inclusive,<br><br>Defendants. | Case No: 2:24-cv-10398-MCS-PD<br><br>**ORDER RE: MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT (ECF NO. 21)** |

Plaintiff Stacey Campbell and Defendant Kering Eyewear USA, Inc., filed a joint motion for preliminary approval of a class action and PAGA settlement. (Mot., ECF No. 21.) The Court deemed the motion appropriate for decision without oral argument. (Order Taking Mot. Under Subm., ECF No. 22.)

I.    **BACKGROUND**

Plaintiff filed a class action complaint in the Los Angeles County Superior Court against Defendant, who removed the case to this Court. (NOR, ECF No. 1.)

1    According to Plaintiff's operative pleading, Defendant is a seller of eyewear

2    products who employs sales representatives to market its products to doctors and

3    eyewear stores. (TAC ¶ 15, ECF No. 14.) Plaintiff is a former employee of Defendant

4    who claims Defendant failed to pay her and other employees in compliance with

5    California law. (*See id.* ¶¶ 16–22.) She brings various class claims under the California

6    Labor Code and a representative claim under the California Private Attorneys General

7    Act ("PAGA"). (*Id.* ¶¶ 23–82.)

8        The parties reached a classwide settlement that would provide class members a

9    gross fund of $25,000.00. (Settlement Agreement § I.15, ECF No. 21.)[1] The parties ask

10   this  Court  to  (1) grant  preliminary  approval  of  the  proposed  settlement;

11   (2) conditionally certify the proposed Settlement Class for settlement purposes only;

12   (3) appoint Brent Buchsbaum as Class Counsel; (4) appoint Plaintiff Stacey Campbell

13   as Class Representative; (5) approve the form and content of, and direct the distribution

14   of, the proposed Class Notice; (6) authorize mailing of the Notice and Opt-Out/Request

15   for Exclusion Form to Class Members by first-class United States mail to their last

16   known addresses; and (7) set a schedule for final approval. (Not. of Mot. 2, ECF No.

17   21.)

18

19   **II.    SETTLEMENT CLASS CERTIFICATION**

20       The parties seek certification of a Settlement Class consisting of "all current and

21   former Brand Ambassadors of Kering Eyewear USA, Inc. employed in California

22   between February 9, 2020, and the date of preliminary approval." (Mot. 3.)

23

24       **A.    Legal Standard**

25       At the preliminary approval stage, the Court "must peruse the proposed

26

27   ───────────────

28   [1] The parties submitted most motion papers in a single docket entry in derogation of
     Local Rule 5-4.3.1.

1  compromise to ratify both the propriety of the certification and the fairness of the

2  settlement." *Staton v. Boeing Co.*, 327 F.3d 938, 952 (9th Cir. 2003).

3       The Court first considers whether a settlement class may be certified. *See*

4  *Amchem Prods. v. Windsor*, 521 U.S. 591, 621 (1997) ("[T]he 'class action' to which

5  Rule 23(e) refers is one qualified for certification under Rule 23(a) and (b)."). A plaintiff

6  must demonstrate that the four requirements of Rule 23(a) are met: (1) numerosity,

7  (2) commonality, (3) typicality, and (4) adequacy of representation. The plaintiff also

8  must show the class meets one of the three alternative provisions in Rule 23(b). *Comcast*

9  *Corp. v. Behrend*, 569 U.S. 27, 33 (2013). Where, as here, the plaintiff seeks

10  certification under Rule 23(b)(3), the plaintiff must show "that the questions of law or

11  fact common to class members predominate over any questions affecting only

12  individual members, and that a class action is superior to other available methods for

13  fairly and efficiently adjudicating the controversy." Fed. R. Civ. P. 23(b)(3). "The

14  criteria for class certification are applied differently in litigation classes and settlement

15  classes," *Espinosa v. Ahearn (In re Hyundai & Kia Fuel Econ. Litig.)*, 926 F.3d 539,

16  558 (9th Cir. 2019), and the Court must apply "undiluted, even heightened, attention"

17  to the specifications of Rule 23 when considering whether to certify a settlement class,

18  *Amchem*, 521 U.S. at 620.

19

20      **B.**    **Discussion**

21          1.    <u>Numerosity</u>

22      Rule 23(a)(1) requires the class to be "so numerous that joinder of all members

23  is impracticable." "Impracticability does not mean impossibility, but only the difficulty

24  or inconvenience of joining all members of the class." *Harris v. Palm Springs Alpine*

25  *Ests., Inc.*, 329 F.2d 909, 913–14 (9th Cir. 1964) (internal quotation marks omitted).

26  Here, the parties represent there are approximately 30 Class Members. (Mot. 6–7.)

27  Joinder of all Settlement Class members would be impracticable, so this requirement is

28  satisfied. *Slaven v. BP Am., Inc.*, 190 F.R.D. 649, 654 (C.D. Cal. 2000) ("The Ninth

1  Circuit has not offered a precise numerical standard; other District Courts have,

2  however, enacted presumptions that the numerosity requirement is satisfied by a

3  showing of 25–30 members.”).

4

5          2.    <u>Commonality</u>

6        Rule 23(a)(2) requires “questions of law or fact common to the class.” Courts

7  construe this requirement permissively. *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1019

8  (9th Cir. 1998). Even a single common question of law or fact will do. *Wal-Mart Stores,*

9  *Inc. v. Dukes*, 564 U.S. 338, 359 (2011). Here, Settlement Class members share a

10  number of common questions of law and fact, including whether the Settlement Class

11  members are entitled to damages as a result of Defendant’s conduct. (Mot. 7.) The

12  claims here present common legal issues based on a common core of salient facts. This

13  requirement is met.

14

15          3.    <u>Typicality</u>

16        Rule 23(a)(3) requires that “the claims or defenses of the representative parties

17  are typical of the claims or defenses of the class.” “[R]epresentative claims are ‘typical’

18  if they are reasonably co-extensive with those of absent class members; they need not

19  be substantially identical.” *Hanlon*, 150 F.3d at 1020. “The test of typicality is whether

20  other members have the same or similar injury, whether the action is based on conduct

21  which is not unique to the named plaintiffs, and whether other class members have been

22  injured by the same course of conduct.” *Ellis v. Costco Wholesale Corp.*, 657 F.3d 970,

23  984 (9th Cir. 2011) (internal quotation marks omitted). Here, both Plaintiff and the

24  Settlement Class members were employed by Defendant, their claims arise from the

25  same purported violations of the California Labor Code by Defendant, and they proffer

26  similar legal theories. (Mot. 8–9.) This requirement is met.

27

28

4

1

        4.    Adequacy

2        Rule 23(a)(4) requires that "the representative parties will fairly and adequately

3 protect the interests of the class." "To determine whether named plaintiffs will

4 adequately represent a class, courts must resolve two questions: '(1) do the named

5 plaintiffs and their counsel have any conflicts of interest with other class members and

6 (2) will the named plaintiffs and their counsel prosecute the action vigorously on behalf

7 of the class?'" *Ellis*, 657 F.3d at 985 (quoting *Hanlon*, 150 F.3d at 1020). Here, Plaintiff

8 has no apparent conflict of interest with other Settlement Class members, and the Court

9 concludes that she has vigorously prosecuted, and will continue to vigorously prosecute,

10 this case on behalf of the class. Similarly, there is no evidence of Class Counsel's

11 conflict of interest, and as attested in his declaration, Class Counsel has litigated this

12 case vigorously and will likely continue to do so. (*See* Buchsbaum Decl., ECF No. 21-

13 1.) The Court finds that Plaintiff and Class Counsel will fairly and adequately represent

14 the class's interests.

15

16

        5.    Predominance

17        "The Rule 23(b)(3) predominance inquiry tests whether proposed classes are

18 sufficiently cohesive to warrant adjudication by representation." *Amchem*, 521 U.S. at

19 623. The inquiry "focuses on whether the 'common questions present a significant

20 aspect of the case and they can be resolved for all members of the class in a single

21 adjudication.'" *Espinosa*, 926 F.3d at 557 (quoting *Hanlon*, 150 F.3d at 1022). For

22 certification of a settlement-only class, "'a district court need not inquire whether the

23 case, if tried, would present intractable management problems'"; instead, "[t]he focus

24 is 'on whether a proposed class has sufficient unity so that absent members can fairly

25 be bound by decisions of class representatives.'" *Id.* at 558 (quoting *Amchem*, 521 U.S.

26 at 620–21). Here, the Court concurs with the parties that "questions of law or fact

27 common to the members of the class predominate over any questions affecting only

28 individual members." (Mot. 10 (quoting Fed. R. Civ. P. 23(b)(3).) Notably, the relevant

1  claims all involve alleged violations of the California Labor Code resulting in financial

2  detriment to the Class Members, as well as Defendant's knowledge and actions

3  concerning these alleged violations. The predominance element is met.

4

5              6.       Superiority

6        "The superiority inquiry under Rule 23(b)(3) requires determination of whether

7  the objectives of the particular class action procedure will be achieved in the particular

8  case." *Hanlon*, 150 F.3d at 1023. The parties agree that settlement is superior because

9  it avoids the difficulties in managing a class action trial. (Mot. 10); *see Hanlon*, 150

10  F.3d at 1023 ("Even if efficacious, these claims would not only unnecessarily burden

11  the judiciary, but would prove uneconomic for potential plaintiffs. In most cases,

12  litigation costs would dwarf potential recovery."). The class action procedure is

13  superior.

14

15     **C.    Conclusion**

16        The Court determines that the class satisfies the requirements of Rule 23(a) and

17  Rule 23(b)(3) and conditionally certifies the proposed class for settlement purposes.

18

19  **III.    FAIRNESS OF PROPOSED SETTLEMENT**

20     **A.    Legal Standard**

21        Federal Rule of Civil Procedure 23(e) provides that "[t]he claims, issues, or

22  defenses of a certified class—or a class proposed to be certified for purposes of

23  settlement—may be settled, voluntarily dismissed, or compromised only with the

24  court's approval." "[S]trong judicial policy . . . favors settlements, particularly where

25  complex class action litigation is concerned." *Class Plaintiffs v. City of Seattle*, 955

26  F.2d 1268, 1276 (9th Cir. 1992). "The purpose of Rule 23(e) is to protect the unnamed

27  members of the class from unjust or unfair settlements affecting their rights." *Pilkington*

28  *v. Cardinal Health, Inc. (In re Syncor ERISA Litig.)*, 516 F.3d 1095, 1100 (9th Cir.

1  2008). Review of the settlement is "extremely limited," and courts should examine "the

2  settlement taken as a whole, rather than the individual component parts, . . . for overall

3  fairness." *Hanlon*, 150 F.3d at 1026.

4      At the preliminary approval stage, courts in this circuit consider whether the

5  settlement: "(1) appears to be the product of serious, informed, non-collusive

6  negotiations; (2) has no obvious deficiencies; (3) does not improperly grant preferential

7  treatment to class representatives or segments of the class; and (4) falls within the range

8  of possible approval." *Spann v. J.C. Penney Corp.*, 314 F.R.D. 312, 319 (C.D. Cal.

9  2016) (internal quotation marks omitted). Further, "[t]he court must direct notice in a

10  reasonable manner to all class members who would be bound by the proposal." Fed. R.

11  Civ. P. 23(e)(1)(B).

12

13      **B.**    **Discussion**

14          1.    <u>Serious, Informed, Non-Collusive Negotiations</u>

15      Plaintiff and counsel invested significant time and resources in investigating and

16  litigating the case on behalf of Plaintiff and the class. (Buchsbaum Decl. ¶¶ 11–12.) The

17  parties agreed to settle following "multiple meet and confer conferences" and after

18  "weeks of deliberation, meetings with their clients," and "deliberations . . . at arm's

19  length. (*Id*.) Based on these facts, the Court finds that "the procedure for reaching this

20  settlement was fair and reasonable and that the settlement was the product of arms-

21  length negotiations." *In re Tableware Antitrust Litig.*, 484 F. Supp. 2d 1078, 1080 (N.D.

22  Cal. 2007).

23      The proposed settlement also releases Defendant from any and all class and

24  PAGA claims that arise out of this action. (Settlement Agreement § IV.) A release of

25  claims is not collusive only when the released claim is "based on the identical factual

26  predicate as that underlying the claims in the settled class action." *Hesse v. Sprint Corp.*,

27  598 F.3d 581, 590 (9th Cir. 2010) (quoting *Williams v. Boeing Co.*, 517 F.3d 1120, 1133

28  (9th Cir. 2008)). The proposed settlement specifically releases only those claims that

1  were "pled in the Operative Complaint and PAGA Notice and any claims that were, or

2  reasonably could have been or still could be, pled based on facts alleged, or in any way

3  related to the facts contained, in the Operative Complaint and PAGA Notice" unless a

4  class member opts out of the settlement. (Settlement Agreement §§ I.28, IV.1.)

5  Therefore, the Court does not find this release collusive.

6

7           2.      No Obvious Deficiencies and No Preferential Treatment

8        The proposed settlement has no obvious deficiencies and does not give

9  preferential treatment to certain class members over others. While the Court reserves

10  ruling on the appropriateness of Class Counsel's fees until briefing is filed, since "there

11  is a strong presumption that the lodestar represents a reasonable fee," *Gates v.*

12  *Deukmejian*, 987 F.2d 1392, 1397 (9th Cir. 1992), for the purposes of preliminary

13  approval the Court finds no issue with the requested attorney's fees award of $6,250.00,

14  accounting for 25% of the Gross Settlement Fund. (Settlement Agreement § I.4.) *See*

15  *Jones v. GN Netcom, Inc. (In re Bluetooth Headset Prods. Liab. Litig.)*, 654 F.3d 935,

16  942 (9th Cir. 2011) ("[C]ourts typically calculate 25% of the fund as the 'benchmark'

17  for a reasonable fee award . . . .").

18

19           3.      Range of Possible Approval

20        To determine whether a settlement falls within the range of possible approval,

21  courts focus on "substantive fairness and adequacy," including "plaintiffs' expected

22  recovery balanced against the value of the settlement offer." *In re Tableware Antitrust*

23  *Litig.*, 484 F.Supp.2d at 1080. "[A] proposed settlement may be acceptable even though

24  it amounts only to a fraction of the potential recovery that might be available to class

25  members at trial." *Uschold v. NSMG Shared Servs., LLC*, 333 F.R.D. 157, 171 (N.D.

26  Cal. 2019) (internal quotation marks omitted).

27        The settlement provides a certain financial award upon Settlement Class

28  members and aids the parties in avoiding what might otherwise have been expensive,

1 extended litigation with an uncertain outcome. This Court has previously approved

2 settlement in similar contexts, and finds that the settlement here falls within the range

3 of possible approval. *See Patrick v. Volkswagen Grp. of Am.*, No. 8:19-cv-01908-MCS-

4 ADS, 2021 U.S. Dist. LEXIS 154820, at *10 (C.D. Cal. Mar. 10, 2021).

5

6                    4.    Adequate Notice

7            For a Rule 23(b)(3) class, "the court must direct to class members the best notice

8 that is practicable under the circumstances, including individual notice to all members

9 who can be identified through reasonable effort." Fed. R. Civ. P. 23(c)(2)(B). "The

10 yardstick against which we measure the sufficiency of notices in class action

11 proceedings is one of reasonableness." *Low v. Trump Univ., LLC*, 881 F.3d 1111, 1117

12 (9th Cir. 2018) (quoting *In re Bank of Am. Corp.*, 772 F.3d 125, 132 (2d Cir. 2014)).

13 "Notice is satisfactory if it generally describes the terms of the settlement in sufficient

14 detail to alert those with adverse viewpoints to investigate and to come forward and be

15 heard." *Churchill Vill., L.L.C. v. Gen. Elec.*, 361 F.3d 566, 575 (9th Cir. 2004) (internal

16 quotation marks omitted). Notice "does not require detailed analysis of the statutes or

17 causes of action forming the basis for the plaintiff class's claims, and it does not require

18 an estimate of the potential value of those claims." *Lane v. Facebook, Inc.*, 696 F.3d

19 811, 826 (9th Cir. 2012). Here, the Court finds that the parties' Notice Plan, (Settlement

20 Agreement § IV.14; Mot. 16–17), including the appointment of ILYM Group, Inc., as

21 the Settlement Administrator, (*see* Mot. 16; Settlement Agreement § I.32), conforms

22 with the requirements of Rule 23(c)(2)(B), constitutes the best practicable notice to the

23 Settlement Class members, and comports with the requirements of due process.

24

25       **C.   Conclusion**

26            The Court concludes that the proposed settlement as a whole appears fair and

27 reasonable. Satisfied that conditional certification of the Settlement Class is proper and

28 that the settlement is fair, the Court preliminarily approves of the settlement.

1    **IV.    CONCLUSION**

2        Based on the foregoing, the Court grants Plaintiff's motion and orders the

3    following:

4        • The Court conditionally approves the class action settlement as outlined

5          in the Settlement Agreement.

6        • The Court conditionally certifies the Settlement Class for settlement

7          purposes only. The Settlement Class shall consist of all current and

8          former Brand Ambassadors of Kering Eyewear USA, Inc. employed in

9          California between February 9, 2020, and the date of preliminary

10         approval.

11       • The Court conditionally appoints Stacey Campbell as Class

12         Representative.

13       • The Court conditionally appoints Brent S. Buchsbaum as Class

14         Counsel.

15       • The Court approves the proposed Notice Plan as to form and content.

16         The Court directs the parties to retain ILYM Group, Inc., as the

17         Settlement Administrator, and orders ILYM to provide notice of the

18         settlement to the Settlement Class members as provided by the

19         Settlement Agreement.

20       • The Court sets the final approval hearing for October 27, 2025, at

21         9:00 a.m.

22

23    **IT IS SO ORDERED.**

24

25    Dated: July 11, 2025

26                                            MARK C. SCARSI
                                              UNITED STATES DISTRICT JUDGE
27

28