JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| STACEY CAMPBELL, individually, and as a representative of other aggrieved employees,<br><br>Plaintiff,<br><br>v.<br><br>KERING EYEWEAR USA, INC., a Corporation, and DOES 1 through 250, inclusive,<br><br>Defendants. | Case No. 2:24-cv-10398 MCS-PD<br><br>**ORDER GRANTING FINAL APPROVAL OF CLASS ACTION AND PAGA SETTLEMENT AND JUDGMENT (ECF No. 26)**<br><br>State Case Filed: February 9, 2024<br>Action Removed: December 3, 2024 |

This matter came before the Honorable Mark C. Scarsi in Courtroom 7C of the United States District Court for the Central District of California, located at 350 W. 1st Street, 7th Floor, Los Angeles, California 90012, on Plaintiff Stacey Campbell ("Plaintiff") and Defendant Kering Eyewear USA, Inc. ("Defendant," and together with Plaintiff, "Parties") Joint Motion for Final Approval of Class and PAGA Action Settlement. (ECF No. 26.)

On July 11, 2025, the Court entered an Order Granting Preliminary Approval of Class and PAGA Action Settlement (ECF No. 23), and thereby preliminarily approved the settlement of the above-entitled action in accordance with the Parties' Settlement Agreement.

Having reviewed the Settlement Agreement and duly considered the Parties' papers and oral arguments, and good cause appearing,

**THE COURT HEREBY ORDERS AS FOLLOWS:**

1. All terms used herein shall have the same meaning as defined in the Settlement Agreement and the Preliminary Approval Order.

2. The Court certifies the following class for settlement only: all current and former Brand Ambassadors of Kering Eyewear USA, Inc., employed in California between February 9, 2020, and July 11, 2025 ("Class");

3. The Court approves Plaintiff Stacey Campbell as the Class Representative;

4. The Court approves Brent Buchsbaum of The Law Offices of Buchsbaum & Haag, LLP, as counsel for the Class;

5. The Court approves the settlement claims under the terms set forth in the Parties' Settlement Agreement;

6. The Court approves the payment of the Gross Fund Value of $25,000.00;

7. The Court approves the payment of $700.00 for the settlement administrator, ILYM Group, Inc., from the Gross Fund Value;

8. The Court approves a Service Award of $1,500.00 to Plaintiff in consideration for her efforts in prosecuting this case;

1    9.    The Court approves payment of reasonable attorneys' fees to Class Counsel in the amount of $6,250.00 and costs in the amount of $1,943.69;

10.   The Court approves PAGA penalties in the amount of $1,500.00, seventy-five percent (75%) or $1,125.00 of which will be paid to the Labor and Workforce Development Agency out of the Gross Fund Value and twenty-five percent (25%) or $375.00 of which will be paid distributed to "Aggrieved Employees," defined as all current and former Brand Ambassadors of Kering Eyewear USA, Inc. employed in California during the PAGA Period (June 8, 2023 to July 11, 2025);

11.   The Court hereby grants final approval of the Settlement and finds that it is fair, reasonable, and adequate, and in the best interests of the Class as a whole. The Court finds that the Settlement satisfies the standards for final approval of a class action settlement under federal law. More specifically, the Court finds that the Settlement was reached following meaningful discovery and investigation conducted by Class Counsel; that the Settlement is a result of serious, informed, adversarial, and arms-length negotiations between the parties; and that the terms of the Settlement are in all respects fair, adequate, and reasonable. In so finding, the Court has considered all evidence presented, including evidence regarding the strength of Plaintiff's claims; the risk, expense, and complexity of the claims presented; the likely duration of further litigation; the amount offered in the Settlement; the extent of investigation and discovery completed; and the experience and views of Class Counsel. The Court has further considered the absence of any objections to the Settlement submitted by Class Members. Accordingly, the Court hereby directs that the Settlement be affected in accordance with the Settlement Agreement.

12.   The Court finds that a full opportunity has been afforded to Class Members to make objections to the Class Settlement and a full opportunity has been afforded to Class Members to participate in the Final Approval Hearing. All Class Members and other persons wishing to be heard have been heard. The Court also finds that Class Members have had the full opportunity to exclude themselves from the Class

Settlement. Accordingly, the Court determines that all Class Members who did not submit a valid and timely Request for Exclusion are bound by the Class Settlement and this Order, and the State of California and the PAGA aggrieved employees are bound by the PAGA Settlement and this Order.

13. The Court hereby enters Judgment by which Settlement Class Members shall be conclusively determined to have given a release of any and all Released Claims against any and all Release Parties, and PAGA aggrieved employees and the State of California shall be conclusively determined to have given a release of any and all Released Claims against any and all Released Parties, as set forth in the Settlement Agreement and Class Notice.

14. It is hereby ordered that Defendant shall fund the Gross Fund Value, plus the amount of payroll taxes owed by Defendant, within thirty (30) calendar days after the Settlement Administrator advises Defendant of the employer payroll taxes owed, in accordance with the terms and methodology set forth in the Settlement Agreement.

15. It is hereby ordered that within ten (10) calendar days of the funding of the Gross Fund Value, the Settlement Administrator shall distribute: (a) individual settlement payments to Class Members; (b) individual settlement payments to PAGA aggrieved employees; (c) LWDA payments to the LWDA; (d) enhancement payment to Plaintiff; (e) attorneys' fees and costs to Class Counsel; and (f) Settlement Administration Costs to the Settlement Administrator in accordance with the terms and methodology set forth in the Settlement Agreement.

16. It is hereby ordered that each Individual Settlement Payment and Individual PAGA payment will be valid and negotiable for one hundred and eighty (180) calendar days from the date the checks are issued, and thereafter, shall be cancelled. All funds associated with such canceled checks will be transmitted to the California State Controller Unclaimed Property Fund in the name of the Settlement Class Member or PAGA aggrieved employee for whom funds are designated, according to the terms and methodology set forth in the Settlement Agreement. Settlement Class

Member's whose Individual Settlement Payment checks are cancelled shall, nevertheless, be bound by the Class Settlement. PAGA aggrieved employees whose Individual PAGA Payment checks are cancelled shall, nevertheless, be bound to the PAGA Settlement.

17. After entry of this Final Approval Order and Judgment, the Court shall retain jurisdiction to construe, interpret, implement, and enforce the Settlement Agreement and this Order, to hear and resolve any contested challenge to a claim for settlement benefits and to supervise and adjudicate any dispute arising from or in connection with the distribution of settlement benefits.

18. Individualized notice of this Order is not required to be provided to Class Members. A copy of the Order shall be posted on the Settlement Administrator's website, which is accessible to Class Members, for a period of at least sixty (60) calendar days after the date of entry of this Order.

**IT IS SO ORDERED.**

Dated: October 28, 2025

MARK C. SCARSI
UNITED STATES DISTRICT JUDGE